HILLSBOROUGH, APRIL TERM, 1820.

### EBENEZER LERNED *vs.* BENJAMIN MORRILL.

If a conveyance of land refer for its boundaries to monuments not actually existing at the time, and the parties afterwards deliberately erect the monuments, they will be bound by them in the same manner as if erected before the conveyance.

THIS was a writ of entry, in which the demandant counted upon his own seisin within twenty years and upon a disseisin by the tenant.

The cause was tried here at April term, 1819, upon the general issue, when a verdict was taken for the demandant, subject to the opinion of the court, upon the following facts.

The tenant, by deed dated March 8, 1806, conveyed to the demandant a tract of land described in the deed as follows : " being the westerly part of lot No. 2, and contain-" ing 80 acres, beginning at the north-west corner on Boscaw-" en line ; then south by Lerned's land to Contoocook " river to a poplar tree, thence by said river to a stake and " stones, thence northwardly a parallel line with the side " line of said lot to a stake and stones on Boscawen line, " thence on said Boscawen line to the bound first mentioned." The stakes and stones mentioned in the deed were not erected at the time of making the deed ; but about eighteen months afterwards, the parties went upon the premises with a surveyor and chain-men to run out and locate the land, and they erected the stakes and stones at the north-east and south-east corners of the premises. The parties first measured the whole lot, divided it in the middle, and then measured off ten acres from the east half and adjoining the west half, and set up stakes and stones at the north-east and south-east corners of the land so measured off, and run the line from one stake and stones to the other, and set up stakes

Lerned
vs.
Morrill.

and stones at every tally. The tenant immediately cleared his land up to the line and built a fence upon it. The demandant also built a board fence on the line, and the parties occupied and improved the land on each side of that line till 1817. It was proved that the tenant said the demandant bought ten acres more than half the lot. In the fall of 1817, the defendant surveyed the lot, and finding that the demandant had more than eighty acres, removed the fence, and went into possession of all but eighty acres, and this action is brought to recover the land, of which the tenant thus took possession.

*J. Harris*, for the demandant, cited the following authorities: 12 *Mass. Rep.* 469, *Makepeace vs. Bancroft.*—7 *John.* 5, *Jackson vs. Murray.*—7 *do.* 238, *Jackson vs. Ogden.*

*Per Curiam.* The question presented to us in this case for decision, has long been settled, and must now be considered as entirely at rest. Where land has been conveyed by deed, and the description of the land in the deed has reference to monuments, not actually in existence at the time, but to be erected by the parties at a subsequent period: when the parties have once been upon the land and deliberately erected the monuments, they will be as much bound by them, as if they had been erected before the deed was made. In this case, there was a reference in the deed to monuments not actually existing at the time, but the parties soon after went upon the land with a surveyor, run it out, erected monuments, and built their fences accordingly; and this is is not all. They respectively occupied the land according to the line thus established, for nearly ten years. And there is now no evidence in this case of any mistake or misapprehension in establishing the line. There is no pretence that the tenant could lawfully remove monuments thus deliberately erected and so long acquiesced in. His claim to the demanded premises, for ought that appears in this case, is without any foundation whatever, and there must be

> *Judgment for the demandant.*